# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELINDA ANNE BECNEL, wife of** | * | **CASE NO.** |
| **Keith Blair Manuel** | * | |
|        **Plaintiff** | * | |
| | * | |
| **versus** | * | **JUDGE** |
| | * | |
| **BP, plc, BP PRODUCTS NORTH AMERICA, INC.,** | * | **MAG.** |
| **BP AMERICA, INC., HALIBURTON ENERGY** | * | |
| **SERVICES, INC., CAMERON INTERNATIONAL** | * | |
| **CORPORATION f/k/a COOPER-CAMERON** | * | |
| **CORPORATION, WEATHERFORD** | * | |
| **INTERNATIONAL, INC., AND/OR** | * | |
| **WEATHERFORD INTERNATIONAL, LTD**, | * | |
| **ANADARKO PETROLEUM CO., LTD., CORP.,** | * | |
| **MOEX OFFSHORE - 2007 LLC, M-I, L.L.C., and** | * | |
| **M-I DRILLING FLUIDS, L.L.C.** | * | |
|        **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Complaint of Melinda Anne Becnel, a person of the full age of majority, and a resident and domiciliary of St. Amant, Louisiana, respectfully represents, as follows, to-wit:

1.

Made defendants herein are:

    **A.**    **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    **B.**    **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    **C.**    **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D. **HALIBURTON ENERGY SERVICES, INC.,** hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana and within this district;

E. **CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION**, hereinafter referred to as "Cameron," a foreign corporation doing business in the State of Louisiana and within this district;

F. **WEATHERFORD INTERNATIONAL, INC., AND/OR WEATHERFORD INTERNATIONAL, LTD**, a foreign corporation authorized to do and doing business in this state and judicial district.

G. **ANADARKO PETROLEUM CO., LTD., CORP.**, is a foreign corporation doing business in the State of Louisiana and/or in state and/or federal waters off the coast of Louisiana in this district. Upon information and belief, Anadarko has a twenty-five (25%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

H. **MOEX OFFSHORE - 2007 LLC (hereinafter referred to as "MOEX")**, a foreign corporation authorized to and doing business in this state and judicial district. Upon information and belief, MOEX has a ten (10%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

I. **M-I, L.L.C. a/k/a, M-I SWACO, d/b/a M-I Drilling Fluids, L.L.C.,** (hereinafter collectively referred to as "M-I Swaco") foreign corporation authorized and doing business in this state and district. Plaintiff's husband was employed by M-I who was engaged in the drilling fluid operations on the DEEPWATER HORIZON at the time of the explosion.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1) and is being brought pursuant to the provisions of 46 U.S.C. § 688 (the "Jones Act") and the provisions of the general maritime law. Plaintiff designates this matter as a maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. The defendants are justly and truly indebted unto

plaintiff, Melinda Anne Becnel, jointly, severally and *in solido*.

3.

At all material times, plaintiff was married to Keith Blair Manuel who was a member of the crew of the DEEPWATER HORIZON. Mr. Manuel was employed as a Jones Act seaman.

4.

Mr. Manuel was assigned to the DEEPWATER HORIZON offshore drilling vessel as a seaman and member of the crew. Alternatively, he was a permanent member of a recognizable fleet of vessels. Alternatively, he was a maritime worker.

5.

DEEPWATER HORIZON was in navigation in the Gulf of Mexico, using sophisticated propulsor/navigation system, and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, Mr. Manuel was on board the DEEPWATER HORIZON when suddenly and without warning, at approximately 10 p.m. on April 20, 2010, an explosion occurred on DEEPWATER HORIZON, causing crew members to be thrown overboard and killing several others. Mr. Manuel's body was never recovered.

7.

As Mr. Manuel's wife, Plaintiff became stricken with grief from his disappearance and presumed death and is currently suffering from post traumatic stress disorder, depression, anxiety and other injuries which will be shown upon the trial of this matter.

8.

At all material times, the vessel on which Plaintiff's husband died was owned, navigated in navigable waterways, manned, possessed, managed, controlled, chartered and/or operated by Defendants.

9.

The accident was not caused by any fault of plaintiff but was caused solely by the negligence, fault, gross negligence, and/or wanton and reckless disregard of defendants, as more particularly set forth herein.

10.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendants. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or the general maritime law for negligence.

11.

BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

12.

Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOP") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended. As such, Cameron is liable to Plaintiff pursuant to Maritime Law and/or the Louisiana Products Liability Act in addition to being liable for its negligence.

13.

Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

14.

Weatherford International, Inc., and/or Weatherford International, Inc., LTD, was engaged in the casing operations of the well and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, contributing to the fire, explosion, and resulting oil spill.

15.

Anadarko Petroleum Corp. and MOEX Offshore - 2007 LLC , are non-operating investors who maintain 25% and 10% respective ownership in the well and are solidarily liable with co-defendants pursuant to the Operating Agreement with the BP defendants.

16.

M-I Swaco was engaged in the drilling fluids operations of the well and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, contributing to the fire, explosion, and resulting oil spill. Plaintiff's husband was not part of the decision-making of the drilling fluids operation as he arrived mere days before the explosion.

17.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wantom conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the DEEPWATER HORIZON vessel.

18.

The above-described incidents were caused solely by the negligence of defendants through their agents, servants and employees, which are more particularly described as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G. Failing to follow the recommendations of employees to avoid possible blowout;

H. Negligent violation of government and industry rules, regulations and standards;

I. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Plaintiff's husband;

J. Other acts of negligence and fault which may be shown through discovery or at trial; and

  K. Generally, the failure to act with the required degree of care commensurate with the existing situation.

19.

In the further alternative, plaintiff reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

20.

As a result of the above-described negligence, plaintiff is entitled to recover the following damages:

  A. Loss of consortium;

  B. Loss of enjoyment of life;

  C. Mental anguish, grief, profound depression, anxiety and suffering;

  D. Medical and related expenses, past and future;

  E. Loss of guidance and support;

  F. Loss of earning and/or earning capacity;

  G. Loss of financial support;

  H. Loss of inheritence;

  I. Punitive or exemplary damages;

  J. Other items of damage which may be shown through discovery or at trial;

  K. All appropriate general and equitable relief;

  L. Prejudgment interest on all sums awarded from date of loss until paid;

  M. Post-judgment on all sums awarded from date of judgment until paid; and

N.       All court costs and litigation costs allowed by law.

21.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff's husband and are therefore liable for punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff, Melinda Anne Becnel, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., HALIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION, ANADARKO PETROLEUM CO., LTD., CORP., MOEX OFFSHORE - 2007 LLC, M-I, L.L.C., and/or M-I DRILLING FLUIDS, LLC., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

        Respectfully submitted,

        **HERMAN, HERMAN, KATZ & COTLAR, LLP**

        /s/ Soren Gisleson
        **JAMES C. KLICK - #7451**
        **STEVE J. HERMAN – #23129**
        **SOREN E. GISLESON – #26302**
        **JOSEPH E. CAIN – #29785**
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Telephone: (504) 581-4892
        Facsimile: (504) 561-6024
        sgisleson@hhkc.com

AND

**JACQUES F. BEZOU – #3037**
**BEZOU LAW FIRM**
534 E. Boston St.
Covington, LA 70433
Telephone (985)892-2111
Facsimile (985)892-1413
Jbezou@bezou.com